HERNÁNDEZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de un legado.

No. 477.—Resuelto en julio 29, 1921.

INSCRIPCIÓN PREVIA A FAVOR DEL ALBACEA—TESTAMENTO—ALBACEA—CLÁUSULA TESTAMENTARIA DUDOSA.—Estudiadas las circunstancias concurrentes en este

caso, resultando dudosa la voluntad del testador, y siendo la cuestión envuelta más bien propia para ser resuelta por los tribunales, *se decidió:* que estaba justificada la negativa del registrador a inscribir el documento, tanto más cuanto que se solicitaba la inscripción a favor de un albacea que, por amplias que sean sus facultades, no llega a adquirir la propiedad del inmueble, y si se ve obligado a transmitirla, no lo hace por derecho propio, sino en representación del testador o de los herederos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. L. Méndez Vaz.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Por resolución de 31 de enero de 1921 esta corte desestimó el recurso gubernativo interpuesto en este caso por no haber demostrado el recurrente que tenía derecho a gestionar la inscripción solicitada. Luego compareció el dicho recurrente y en demostración de su interés presentó un certificado creditivo de haber comprado el inmueble de que se trata en cierta subasta que se hizo por falta de pago de las contribuciones. Dicho certificado tiene fecha 11 de julio de 1918, se presentó en el registro y el registrador se negó a inscribirlo en 7 de noviembre de 1919 ''por aparecer que doña Tomasa González falleció bajo testamento en que hizo legado de varias habitaciones de la citada casa sin que resulte a quien ha sido trasmitida la habitación No. 2 objeto del certificado y no consta que en el procedimiento de apremio y venta se hayan hecho las notificaciones que previenen los artículos 336, 342 y otros del Código Civil.'' Esa calificación es firme.

Siendo esto así, bien podría insistirse en que el recurrente no ha demostrado su interés, pero aceptando que lo tenga, procederemos al examen de la nota recurrida. La nota es como sigue:

''Denegada la inscripción del precedente documento con vista de otros, en cuanto a la habitación número dos de la casa número 86 de la calle de San Sebastián de esta ciudad, por los motivos siguientes:

''Primero: Que de las clásulas, 4, 6, 10, 13, 15 y 16 de este testa-

mento, relacionadas entre sí, resulta dudosa e indeterminada la voluntad de la testadora respeto a la citada habitación, pues si bien en la cuarta aparece que destina los alquileres de la misma a misas y limosnas sin disponer de la propiedad de ella, en favor de persona alguna, del contenido de las demás cláusulas se desprende claramente que ha legado la totalidad de la casa, como así lo dice, no sólo en cuanto a su propiedad, sino en cuanto a los alquileres, que constituyen una parte del usufructo, cuyos dos conceptos parece distinguir la testadora, debiéndose presumir en su consecuencia que existe error u omisión respecto a la nuda propiedad de la citada habitación número 2, por cuya indeterminación no procede inscribir la misma en plena propiedad a favor de persona alguna, conforme al espíritu del artículo 773 del Código Civil Español.

"Segundo: Que aún en el caso de que tal nuda propiedad no hubiese sido legada a ninguna persona, carecería también el albacea de capacidad para que se inscribiese a su favor, pues en tal caso habría quedado vacante esa porción de bienes, parte herencia o legado, no pudiendo verificarse la inscripción a favor del albacea, quien además, no es universal, sino particular.

"Tercero: Que siendo la muerte o la renuncia del albacea, con otras, causas de la extinción del cargo, y no habiéndose solicitado por éste personalmente, o por alguien acreditando su representación la inscripción de referencia, es preciso acreditar que dicho cargo esté vigente, y además, que tal albacea en caso de existir, haya obtenido de los tribunales la autorización y cartas testamentarias correspondientes para poder verificar sus actuales gestiones, conforme a la sección 64 de la ley referente a Procedimientos Legales Especiales, a la cual han de ajustarse las actuaciones presentes del albacea, y cuyos requisitos no se han cumplido. Este defecto en unión de los otros impide la inscripción, y en su lugar se ha tomado anotación preventiva por el término legal, al folio 138 vuelto del tomo 38 de San Juan, finca número 493 triplicado, anotación letra C."

Examinado el testamento de doña Tomasa González otorgado el 16 de agosto de 1877, se observa que por su cláusula cuarta declaró como bienes de su exclusiva propiedad una casa terrera de mampostería, No. 86, de la calle de San Sebastián, de esta ciudad. Luego expresa que la casa está dividida en cinco piezas. Las piezas números 1, 3, 4 y 5 las lega a determinadas personas, y con respecto a la No. 2 dice:

"Segunda pieza, al costado izquierdo de la primera, consta de su sala y recámara, la cual destino para que de sus alquileres se apliquen a perpetuidad y mensualmente dos misas de a peso por el eterno descanso de mi alma y el resto se distribuya por mi primer albacea en limosnas entre los pobres vergonzantes que considere más necesitados."

El primer albacea a que la testadora se refiere es Juan Ballesteros Núñez, a cuyo favor solicita Hernández Mena que se inscriba la pieza en cuestión. La quinta pieza la legó doña Tomasa a Higinio Clodomiro, expósito en la casa de Ballesteros, y en caso de muerte del dicho expósito al propio Ballesteros.

La cláusula 16 del testamento dice:

"Declaro que no hago institución de heredero por la circunstancia de qua la casa, prendas, ropa, loza, cristalería, muebles y créditos, de que he hecho referencia y que constituyen mis únicos bienes, los dejo legados en las anteriores cláusulas por estar en aptitud de verificarlo así, en atención a carecer de herederos forzosos."

Examinados esos hechos se comprende la actitud perpleja del registrador frente a la solicitud de Hernández Mena. En el registro la pieza de que se trata consta aún inscrita a favor de la Sra. González y seguramente el objeto de la inscripción a favor de Ballesteros es para armonizar el registro con el certificado de venta otorgado a Hernández Mena, pues en dicho certificado aparece como contribuyente moroso Ballesteros.

Sostiene el recurrente que debe entenderse que la testadora legó la pieza a su propia alma y en tal virtud que su albacea es universal y a su favor debe inscribirse, y cita la resolución de la Dirección General de los Registros de España de 7 de enero de 1875. Dos de sus considerandos expresan:

"Que el carácter y atribuciones de los albaceas testamentarios difieren según que sean *universales,* que son los nombrados cuando el testador no instituye heredero o el designado carece de personalidad

como en el caso de instituirse el alma, o *particulares,* que son los que se nombran ordinariamente para cumplir algún encargo piadoso o auxiliar al heredero en las operaciones consiguientes a la liquidación y adjudicación del caudal hereditario; pues mientras los primeros, conforme la opinión de los más autorizados intérpretes de las leyes recopiladas, Matienzo, Comentar. in libro V, Recollect, reg. Hip. glosa 1ª., Ley 14, tit., IV, Carpio, De execut, test., lib. I, Cap. I, núm. 48, están equiparados a los herederos, los segundos sólo tienen el carácter de simples mandatarios, apoderados o encargados, sin otras facultades que las que el testador haya designado taxativamente en la cláusula de su nombramiento.

"Considerando que respecto de los albaceas universales se halla establecido por la jurisprudencia de esta Dirección que deben inscribirse los bienes de la herencia a su nombre como si fuesen verdaderos herederos, según la doctrina que sirvió de fundamento a la resolución dictada en 5 de septiembre de 1863, en la que se acordó que los bienes raíces de una testamentaría deben inscribirse a nombre del albacea cuando la institución de heredero se ha hecho en favor del alma del testador."

No está desprovista de razón la opinión del recurrente, pero, a nuestro juicio tampoco lo está la actitud asumida por el registrador, sobre todo si se tienen en cuenta los intereses que puedan asistir a otras personas y al Pueblo de Puerto Rico mismo en la pieza en cuestión, el tiempo transcurrido, la falta de intervención del propio albacea, las otras disposiciones del testamento y su peculiaridad. No es por medio de una inscripción más o menos acertada o hábil en el registro como deben resolverse asuntos de esta naturaleza. Los tribunales de justicia constituyen la institución apropiada para ello.

Además la inscripción que se solicita parece innecesaria. Si bien se ha resuelto por la Dirección de los Registros de España que procede en ciertos casos la inscripción a favor de los albaceas, ese criterio ha sido combatido. Galindo, por ejemplo, sostiene que los bienes no deben inscribirse a favor del albacea porque éste jamás adquiere la propiedad de los mismos y cuando se ve obligado a actuar para trasmitir la

propiedad a favor de otras personas lo hace a nombre del testador o en representación de los herederos. Y esta Corte Suprema en los casos de *Coy* v. *Registrador,* 22 D. P. R. 432, y *Ortiz* v. *Registrador,* 23 D. P. R. 702, refiriéndose no ya a los albaceas, sino a los herederos, sostuvo que cuando los herederos de una persona ejecutan la obligación de su causante, que quedó incumplida, no se necesita inscripción previa a favor de los dichos herederos.

Por virtud de todo lo expuesto, opinamos que debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.